IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEVEN WAYNE GOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv129 |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

On December 31, 2014, the Recommendation of the United States Magistrate Judge was filed and a copy mailed to the parties in the case pursuant to 28 U.S.C. § 636. (Docs. 14-15.) On January 23, 2015, *pro se* Petitioner Steven Golden filed a motion for voluntary dismissal. (Doc. 16) Respondent filed a response and then filed an amended response (Docs. 17-18), and Golden filed a reply (Doc. 19).

Treating Golden's motion and reply as an objection, the court has conducted a review of those portions of the Recommendation to which objection was made and has made a *de novo* determination. The court's review is in accord with the Recommendation, which is hereby adopted.

Additionally, addressing Golden's motion for voluntary dismissal, the motion does not state whether it seeks dismissal with or without prejudice, but, in his reply, Golden clarifies that his motion seeks dismissal without prejudice. (Doc. 19.)

Respondent opposes a dismissal without prejudice. (Doc. 18.)

Although no authority is cited in the motion or reply, the motion appears to request a voluntary dismissal pursuant to Rule 41(a)(2), which permits a court-ordered dismissal.[1] Given that Golden seeks dismissal without prejudice under Rule 41(a)(2), the court must determine whether "the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering prejudice, the primary focus of the court should be the interests of the defendant." Dean v. WLR Foods, Inc., 204 F.R.D. 75, 77 (W.D. Va.) (citing Davis, 819 F.2d at 1273), aff'd sub nom. Dean v. Gilmer Indus., Inc., 22 F. App'x 285 (4th Cir. 2001). Most courts making this prejudice determination consider a four-factor test: (1) the opposing party's effort and expense in preparation for trial; (2) the movant's excessive delay or lack of diligence in litigating his case; (3) the explanation of the need for a dismissal; and (4) the current stage of the litigation. See Hobbs v. Kroger Co., 175 F.3d 1014 (4th Cir. 1999) (per curiam) (unpublished)[2]; Dean, 204 F.R.D. at 77; Teck Gen.

---

[1] "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases], may be applied to a proceeding under [the Rules Governing Section 2254 Cases]." Rule 12, Rules Governing Sect. 2254 Cases. Also, because Respondent filed both an answer and a motion for summary judgment, and because no stipulation of dismissal was signed by all parties, Rule 41(a)(1) does not apply to Golden's motion. See Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii).

[2] Unpublished decisions are not precedential but are cited for their persuasive authority.

2

P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998). After considering these factors and all relevant facts of this case, the court concludes that Golden's motion seeking dismissal without prejudice under Rule 41(a)(2) should be denied.

First, Respondent has invested significant time and resources into this matter, including the filing of its answer (Doc. 4), a motion for summary judgment and twenty-one page supporting brief (Docs. 5-6), and a reply brief to Petitioner's response to the motion for summary judgment (Doc. 12). Moreover, the Magistrate Judge already considered Respondent's motion for summary judgment and issued a thirteen-page Recommendation. (Doc. 14.) Second, Petitioner's lack of diligence in litigating his petition weighs in favor of denying his motion. Petitioner filed his petition after the statute of limitations deadline. (See id.) He also waited over nine months after the submission of Respondent's motion for summary judgment to the Magistrate Judge to file his motion for dismissal, and the motion was submitted three weeks after the Magistrate Judge had issued his Recommendation to dismiss the petition. Third, Golden's motion and reply provide no persuasive explanation as to why he seeks to have his petition dismissed. Rather, he merely repeats arguments he made to the Magistrate Judge about his educational background, lack of access to legal materials, and the merits of his underlying petition. (Doc. 19.)

Finally, the current procedural posture of this matter cuts against granting Golden's motion. Golden filed his motion three weeks after the Magistrate Judge Recommendation dismissing the petition as barred by 28 U.S.C. § 2244(d)(1)'s statute of limitations. While the Recommendation did not provide a final resolution of the matter, summary judgment in favor of Respondent was likely and imminent. See GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007) (stating that, when considering a dismissal under Rule 41(a)(2), district courts should consider "preventing plaintiffs from litigating, losing, and then wiping the slate clean by voluntarily dismissing their action"); RMD Concessions, L.L.C. v. Westfield Corp., 194 F.R.D. 241, 243 (E.D. Va. 2000) ("[P]laintiffs may not use Rule 41(a)(2) to avoid or undo the effect of an unfavorable order or ruling."); see also Hurd v. Mondragon, 851 F.2d 324, 329 (10th Cir. 1988) ("Although the request to withdraw the petition came before there was final disposition of the petition by the district court, it came after the magistrate had filed his report. Hence, although the final resolution of the matter was not set in concrete at the time the motion to withdraw was filed, there was nonetheless some rather clear handwriting on the wall in the form of the magistrate's report. Under such circumstances, the district court did not abuse its discretion in denying the motion to withdraw petition.").

For all these reasons, therefore,

4

IT IS ORDERED that Petitioner Golden's motion for voluntary dismissal (Doc. 16) is DENIED.

IT IS FURTHER ORDERED that Respondent's motion for summary judgment (Doc. 5) be GRANTED and that the petition (Doc. 2) and this action be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d)(1).

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

                                      /s/   Thomas D. Schroeder
                                      United States District Judge

February 3, 2015